Sharon MATHIS, Plaintiff-Appellant,

v.

**OPPORTUNITIES INDUSTRIALIZA-
TION CENTERS, INC., et al.,
Defendants-Appellees.**

No. 74–2160.

United States Court of Appeals,
Ninth Circuit.

Nov. 12, 1976.

Nancy Levin (argued), of Neighborhood Legal Assistance Foundation, San Francisco, Cal., for plaintiff-appellant.

Benjamin Travis, of Simmons & Travis, Oakland, Cal., for defendants-appellees.

Before BROWNING and CHOY, Circuit Judges, and GRAY,* District Judge.

PER CURIAM.

The plaintiff, according to her complaint, was summarily fired by defendant Opportunities Industrialization Centers, Inc. (O.I.C.) from her employment as a secretary in the San Francisco regional office of that organization. She sued for reinstatement and damages, contending that her dismissal violated the due process clause of the Fifth Amendment. Her jurisdictional reliance is upon 28 U.S.C. § 1331. The trial court granted the defendants' motion to dismiss for want of jurisdiction, holding that O.I.C. is not a public corporation or an agency of the Federal Government; that, hence, the plaintiff was not a Federal employee; and that the Fifth Amendment therefore is not applicable. We reverse.

The primary question on appeal is whether the relationship between the Federal Government and O.I.C. was of such nature as to make the actions of the latter governmental actions, insofar as the due process requirements of the Fifth Amendment are concerned. We believe that the stipulated facts in this case require an affirmative answer to such question.

O.I.C. is a non-profit corporation with regional offices in various parts of the United States, including San Francisco. Its principal reason for existence is to perform under contract with the United States Government, pursuant to the authority of the Manpower Development And Training Act of 1962 (42 U.S.C. §§ 2571 *et seq.*). The goal of its activities apparently is to provide vocational training and retraining to people

* Honorable William P. Gray, United States District Judge, for the Central District of California, sitting by designation.

of marginal employability. Approximately 95% of O.I.C.'s income has been derived from its contracts with the Federal Government.

Under such contracts, substantial controls by the Federal Government were imposed upon O.I.C. For example, O.I.C. was obliged to submit monthly summary reports to the Department of Labor with respect to performance of its management training schools and other activities during the current month and its objectives for the following month. It was also required to submit quarterly reports to H.E.W. concerning its institutional training activities on a regional basis. Salaries for O.I.C. employees were limited to specified amounts unless increases were allowed by the contracting officer, an official of the United States Government. O.I.C. was prohibited from engaging its own auditors, being obliged, instead, to submit to audits performed or arranged by the Department of Labor. O.I. C.'s billing procedures and forms were required to be those prescribed by the United States Government. Another contractual provision asserted that the United States Department of Education and the Department of Labor are jointly responsible for administering the program of O.I.C.

In *Ginn v. Mathews,* 533 F.2d 477 (9th Cir. 1976), this court considered the relationship between the Economic Opportunity Council of San Francisco (EOC) and the Federal Government in connection with the Project Headstart that was created by statute (42 U.S.C. § 2809(a)(1)). The holding was that the discharge of three employees of EOC constituted "state action" and thus was subject to Federal constitutional limitations. The Federal involvement here concerned was at least as substantial as in *Ginn,* and the reasoning and the authorities set forth by Judge Trask in his opinion in that case are equally pertinent and controlling here.

We hold that Federal action was involved in the discharge of the plaintiff and that therefore the district court did have jurisdiction to consider the matter of due process under the Fifth Amendment.

The judgment is reversed and the cause is remanded for trial.